IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK EMEKA IFEDIBA,** } | |
| } | |
| Petitioner, } | Case Number: 2:24-cv-08018-RDP |
| } | 2:18-cr-00103-RDP-GMB |
| v. } | |
| } | |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

### MEMORANDUM OPINION

This case is before the court on Defendant Patrick Emeka Ifediba's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 1). The Government has responded to the Motion (Doc. # 6), and Ifediba has filed a reply (Doc. # 11) and supplemental authority pursuant to Rule 28(j) (Doc. # 13).

Ifediba's § 2255 motion asserts two grounds for relief. First, he argues that "[t]he convictions in Counts 13-27 are invalid and violate the United States Constitution in light of *Ruan vs United States*, 597 U.S. 450." (Doc. # 1 at 5). Second, he contends that "[c]ounsel failed to communicate a 7-year plea offer to Ifediba before it lapsed. Had Ifediba received the offer in time he would have accepted it." (Doc. # 1 at 6).

The Government argues Ifediba's first claim should be denied for two reasons. First, it argues that the claim based on the jury instructions under *Ruan* is procedurally defaulted because Ifediba did not raise the issue in this court or on direct appeal, and he has not shown cause and prejudice for his failure. (Doc. # 6 at 1). Second, the Government argues that even if the claim had been preserved, any error in the instruction was harmless given the overwhelming evidence presented that Ifediba knowingly or intentionally prescribed controlled substances not for

legitimate medical purposes and outside the usual course of professional practice. (*Id.*). The Government contends Ifediba's second claim is factually untrue. (*Id.*).

In his reply, Ifediba asserts his procedural default should be excused (Doc. # 11 at 2-4) and that he is entitled to the relief he seeks.

**I.     Background**

The April 2018 Grand Jury returned a 44-count Indictment charging Defendants Patrick Emeka Ifediba, Uchenna Grace Ifediba, Clement Essien Ebio, and Ngozi Justina Ozuligbo. (Crim. Doc. # 1). Count 1 charged that Defendants conspired to commit health care fraud. Counts 2 through 11 charged that Defendants devised a scheme to defraud Medicare and private insurers. (*Id.* at 18-20). Count 13 charged that Ifediba and Uchenna Grace Ifediba conspired with each other to distribute and dispense schedule II controlled substances, by prescription, outside the usual course of professional practice and not for a legitimate medical purpose. (*Id.* at 21-27). Counts 14 through 21 charged that Ifediba unlawfully distributed and dispensed Schedule II controlled substances, by means of prescription, to undercover law enforcement officers, outside the usual course of professional practice and for no legitimate medical purpose. (*Id.* at 27-28). Counts 22 through 27 charged that Ifediba unlawfully distributed and dispensed schedule II controlled substances, by prescription, to his patients, outside the usual course of professional practice and for no legitimate medical purpose. (*Id.* at 28-29). Count 33 charged that Ifediba and Uchenna Grace Ifediba knowingly used and maintained an office space at 1300 Bessemer Road, Birmingham, Alabama, 35208 for the purpose of distributing schedule II controlled substances. (*Id.* at 30-31). Counts 34 through 40 charged that the Defendants conducted a financial transaction affecting interstate commerce involving the proceeds of unlawful activity – that is, healthcare fraud and

unlawful distribution of controlled substances – knowing the property involved in the financial transaction represented the proceeds of unlawful activity, and knowing that the transaction was designed to conceal the source of the proceeds of unlawful activity. (*Id.* at 31-37). Counts 41 through 44 charged that Ifediba engaged in a monetary transaction through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of more than $10,000, such property having been derived from unlawful activity, that is, health care fraud and unlawful distribution of controlled substances. (*Id.* at 38-39).

Only Ifediba went to trial. On July 16, 2018, after a three week trial, Ifediba was found guilty by a jury on all 35 counts with which he was charged, *i.e.*, Counts 1, 2-11, 13, 14-21, 22-27, 33-36, and 40-44 of the Indictment. There is no plea agreement in this case. (Crim. Doc. # 288 at 13). On August 27, 2020, Ifediba was sentenced to serve three hundred sixty (360) months. (Crim. Doc. # 297). More specifically, Ifediba's Amended Judgement provides:

> [Ifediba] is hereby committed to the custody of the Government Bureau of Prisons to be imprisoned for a total term of THREE HUNDRED SIXTY (360) months: ONE HUNDRED TWENTY (120) months as to Counts 1 through 11, 13 through 27, 33 through 36, and 40 through 44, to be served separately and concurrently with each other, plus TWO HUNDRED FORTY (240) months as to Counts 13 and 14, to be served separately and concurrently with each other but consecutively to all remaining counts and any other sentence.

(*Id*. at 2).

To be clear, the Distribution of Controlled Substances charges under 21 U.S.C. § 841(a)(1) and (b)(1)(C) to which Ifediba contends *Ruan II* applies were found in counts 14 through 27. (*Id.* at 10). Ifediba was sentenced to serve one hundred twenty (120) month sentences, separately, but to run concurrently with each other, on *each* of Counts 1 through 11, counts 13 through 27, counts 33 through 36, and counts 40 through 44. (*Id.*). As to Counts 13 and 14, Ifediba was also sentenced

3

to serve an additional two hundred forty (240) months separately and concurrently with each other but consecutively to all remaining counts and any other sentence to be served. (*Id.*). Notably, therefore, even if Ifediba's convictions and sentences on Counts 14 through 27 were vacated, his sentence would remain the same.

Ifediba filed an appeal challenging (1) the exclusion of good care evidence; (2) the decision to address the jury collectively when confronted with an allegation of juror misconduct; (3) the sufficiency of the evidence supporting certain of the substantive health care fraud counts; and (4) the drug quantity calculation on which the sentence was based. *United States v. Ifediba*, 46 F.4th 1225, 1231 (11th Cir. 2022). Oral argument was held on March 17, 2022.

On June 27, 2022, while Ifediba's appeal was still pending before the Eleventh Circuit, the Supreme Court decided *Ruan II*. On August 25, 2022, Ifediba's convictions and sentence were affirmed. *Id*. Ifediba did not raise any argument about *Ruan II* in the Eleventh Circuit before his appeal was decided, nor did he seek panel rehearing or rehearing *en banc* in light of that decision.

Ifediba filed a Petition for Writ of Certiorari in the Supreme Court on November 23, 2022, asking that certiorari be granted, the convictions on the drug distribution related counts be vacated, and the case remanded for further proceedings in light of *Ruan II*.[1] The Solicitor General argued that certiorari should be denied because Ifediba did not challenge the jury instructions in the court of appeals.[2] On June 5, 2023, the Supreme Court denied certiorari. *Ifediba v. United States*, 143 S.Ct. 2586 (June 5, 2023).

---

[1] https://www.supremecourt.gov/DocketPDF/22/22-6503/251799/20230111104719691_20230111-103302-95758483-00001227.pdf (last visited November 12, 2025).

[2] https://www.supremecourt.gov/DocketPDF/22/22-6503/266178/20230505092250481_22-6503%20Ifediba%20Opp.pdf (last visited November 12, 2025).

On August 28, 2023, over a year after the Eleventh Circuit affirmed Ifediba's convictions and sentence, Ifediba filed a motion to recall the mandate. The Eleventh Circuit denied that Motion on October 17, 2023. (USCA11 Case No. 20-13218, Doc. No. 72).

Ifediba's §2255 was timely filed on June 3, 2024. (Doc. # 1).

**II.     Applicable Law**

Title 28 U.S.C. § 2255 authorizes federal prisoners to file a motion in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements that mandate that such a motion must specify all the grounds of relief and state facts that support each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. Government*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. Government*, 256 F.3d 1213, 1217 (11th Cir. 2001).

### III.  Discussion

#### A.  Ifediba's First Claim under *Ruan II*

##### 1.  Procedural Default

The court begins by addressing the Government's argument that this claim been procedurally defaulted.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). If the challenge was not raised on direct appeal, it is procedurally defaulted unless the defendant can show either "cause and prejudice" or "actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("The exceptions [to procedural default] are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence.").

The "cause and prejudice" exception requires a defendant to show both "cause" for failing to raise his procedurally defaulted claims on direct appeal and "prejudice." *See Gordon v. Nagle*, 2 F.3d 385, 388 n.4 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice[.]"). "[T]o show cause for procedural default, [the defendant] must show that some objective factor external to the defendant prevented [the defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the defendant's] own conduct." *Lynn*, 365 F.3d at 1235. To establish prejudice, the defendant must prove that the alleged errors "worked [to his] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013) (quoting *Ward v. Hall*, 592 F.3d 1144, 1179 (11th Cir. 2010)).

The "actual innocence" exception is "exceedingly narrow in scope" and requires the movant to show that, because of "new, reliable evidence," it's now "'more likely than not that no reasonable juror would have convicted him' of the underlying offense." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This "new evidence" must prove that the movant is factually innocent of the crime; evidence that calls into question the legal sufficiency of the conviction is not enough. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.").

Ifediba's *Ruan II* claim is procedurally defaulted because he did not raise it at trial, in this court, or on direct appeal. To overcome this procedural default, Ifediba must show cause for the default and actual prejudice, or that he is actually innocent. Ifediba argues that his procedural default should be excused because the holding in *Ruan* is an intervening change in law. (Doc. # 11 at 3).

"*Ruan II* holds that a defendant acts outside the 'usual course of professional practice' under 21 U.S.C. § 841 only when a knowing or intentional scienter requirement is satisfied." *United States v. Duldulao*, 87 F.4th 1239, 1258 (11th Cir. 2023) (quoting *Ruan v. United States*, 597 U.S. 450, 142 S. Ct. 2370, 2375 (2022) ("*Ruan II*")). Applying that holding in *Ruan III* and *United States v. Heaton*, the Eleventh Circuit "concluded that a district court errs by instructing a jury to 'apply an objective standard to the outside the usual course of professional practice requirement,' [], or failing to 'convey that a subjective analysis [is] required.'" *Duldulao*, 87 F.4th at 1258 (quoting *Heaton*, 59 F.4th at 1240 and *Ruan III*, 56 F.4th at 1297, respectively). Thus, *Ruan II*, not the later-decided *Ruan III*, changed the law and established the scienter requirement.

7

But, Ifediba did not raise this issue with the Circuit before *Ruan II* was decided nor after that decision was published and while his appeal was still pending before the Circuit.

Moreover, Ifediba cannot rely on an argument that raising the argument would have been futile because futility "cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And, Ifediba's *Ruan* claim is not novel because similar claims had been thoroughly and repeatedly litigated in the courts of appeals over the last three decades (with differing results) and that claim is based on statutory interpretation of § 841. *Bousley*, 523 U.S. at 623.

Nor can Ifediba show actual innocence. The mountains of evidence presented at the three-week trial proved overwhelmingly that Ifediba knowingly and intentionally prescribed controlled substances not for legitimate medical purposes and outside the usual course of professional practice. Thus, Ifediba's *Ruan* claim is procedurally defaulted.

    2.    <u>Any Error Was Harmless</u>

"On collateral review, the harmless error standard mandates that relief is proper only if the court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021) (cleaned up). Under this standard, "the court may order relief only if the error 'resulted in actual prejudice.'" *Granda*, 990 F.3d at 1292 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The question is "whether the error substantially influenced the jury's decision." *Id*. at 1293 (citation and quotation marks omitted).

The Government concedes that:

> The relevant jury instructions on the substantive drug counts (14-27), though correct when given, are contrary to *Ruan II*. The instructions did not expressly

8

> require the jury to find that Ifediba knew the charged prescriptions were written without a legitimate medical purpose or outside the usual course of medical practice, or that he intended to do so. *See Ruan II*, 142 S.Ct. at 2374 (government must prove that the defendant knew he was acting in an unauthorized manner or intended to do so).

(Doc. # 6 at 15). However, the Government argues that "Ifediba is not entitled to relief because he [has not] and [cannot] show that the error had a substantial and injurious effect or influence on the jury's determination of guilt." (*Id*.). The court agrees.

The voluminous evidence admitted at trial, found in both patient files and testimony from witnesses – including undercover patients, CCMC employees, law enforcement agents, analysts, pharmacists, and an expert witness who reviewed patient files – overwhelmingly proved beyond a reasonable doubt that Ifediba had subjective knowledge that he was prescribing controlled substances in an unauthorized manner. No rational jury, even if correctly instructed, could have reached any other finding. *See United States v. Heaton*, 59 F.4th 1226, 1241-45 (11th Cir. 2023) (finding on direct appeal that *Ruan* error was harmless due to overwhelming evidence of subjective intent).

But, there is an additional, independent reason why his claim fails. Although Ifediba lumps his drug-distribution conspiracy conviction on Count 13 into his *Ruan II* claim. However, *Ruan II* has no effect on that claim. In *Ruan III*, the Eleventh Circuit found no error in the jury instructions given on the drug-distribution conspiracy. *Ruan III*, 56 F.4th at 1299. A nearly identical instruction on the drug-distribution conspiracy count in this case forecloses Ifediba's challenge to his conviction as to Count 13. *See Duldulao*, 87 F.4th at 1252-54 (*Ruan III* required denial of challenge to drug conspiracy instruction).

9

The instructional error on the substantive drug counts (14-27) is harmless for an additional reason. Even if the convictions on those counts were vacated, Ifediba would still serve the same sentence because he was sentenced to one hundred twenty months on each of twenty-two other counts that were not subject to that instruction, all to run concurrently. And, he was sentenced to a consecutive two hundred forty months on *both* Counts 13 and 14. So regardless of whether his conviction on counts 14-27 are vacated, he will still serve a consecutive two hundred forty month sentence as to Count 13, and therefore a three hundred sixty month total sentence.

For all of these reasons, Ifediba's first claim is due to be denied.

### B.    Ifediba's Second Claim Regarding Failure to Communicate Plea Offer

In his Second Claim, Ifediba argues that "[d]uring the course of the trial, defense counsel informed Ifediba of a plea offer that was communicated to him for 7 years. This was past the point of Ifediba being able to take the offer. Had he received the offer in time, he would have taken it." (Doc. # 1 at 6).

The Government responds that this claims "is factually untrue." (Doc. # 6 at 18). The Government provided a screen shot of a text exchange between Ifediba and his counsel. That exchange included the following: at 10:05 a.m. on May 28, 2019, four weeks before trial began, Ifediba's counsel asked: "did you decide on the possible offer of 7 yesrs [sic]." At 11:35 on May 28, 2019, Ifediba responded: "I can't accept it." Ifediba's counsel then wrote: "Doc you really need to consider this offer in my legal opinion considering the money issue also in this case." Then, on June 2, 2019, Ifediba concluded the exchange on this issue by explaining: "What I meant to say Emory is that I am not willing to go to prison." (Doc. # 6-1).

10

In neither his reply brief, nor his Supplemental Authorities, did Ifediba say anything further on this issue. Notably, he has not in any way disputed the text exchange he had with his counsel.

Ifediba's counsel informed him of a seven-year plea offer but Ifediba rejected it because he was not "willing to go to prison." Therefore, Ifediba has not shown that his counsel's performance was ineffective in any way. It follows that Ifediba cannot prove prejudice because the text exchange shows a seven-year offer was communicated and discussed (indeed, his lawyer strongly recommended that he consider it) but Ifediba rejected the offer because of his unwillingness to go to prison. Ifediba's assertion that he would have accepted such an offer is belied by his own words in the text exchange with his lawyer, which he has neither challenged nor disputed.

Therefore, Ifediba's second claim is due to be denied.

## IV.   Conclusion

For the reasons discussed above, Ifediba's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this November 14, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE